**Jaswinder KAUR; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76551.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

Alison Dixon, San Francisco, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

638

Alison Dixon, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Shahira M. Tadross, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Jaswinder Kaur and her two minor sons, Kuldip Singh and Sarapjid Singh, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination, *see id.* at 1043, and Kaur's opening brief fails to challenge the specific grounds for finding her not credible, *see Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived). After Kaur twice unequivocally testified that she joined the Shiromani Akali Dal ("SAD"), a Sikh political party, on September 26, 1995, she then testified that she actually joined the party at some unspecified time either before or after that date. Kaur also disavowed her testimony that she did not have a SAD membership number, after being presented with one of her own exhibits bearing such a number. Given Kaur's testimony that she was persecuted because of her SAD membership, that both she and her husband were arrested after attending a Sikh rally on September 26, 1995, and that she never saw him again, her varying testimony as to when she became a SAD member and whether she had a SAD membership number are inconsistencies that go to the heart of her claim. *See Chebchoub*, 257 F.3d at 1043.

In the absence of credible testimony, petitioners failed to establish eligibility for either asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Petitioners also failed to establish eligibility for CAT relief because they did not show it was more likely than not that they would be tortured by authorities if they returned to India. *See id.* at 1157; 8 C.F.R. § 208.16(c)(2).

We lack jurisdiction to consider petitioners' due process claim that the IJ did not act as an impartial decisionmaker because petitioners failed to present it to the BIA. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 780 (9th Cir.2001).

We also lack jurisdiction over petitioners' claim that the BIA abused its discretion in denying their request for voluntary departure. *See Oropeza–Wong v. Gonzales*, 406 F.3d 1135, 1141 (9th Cir.2005).

**PETITION FOR REVIEW DENIED, in part; DISMISSED, in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.